M/D-2

RECEIVED
2007 JAN -3 A 4:40

FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Jesse Maner
Name

#113995
Prison Number

Kilby Correctional Facility
Place of Confinement

United States District Court For the Middle District of Alabama

Case No. 2:07cv-04-WKW
(To be supplied by Clerk of U. S. District Court)

Jesse Maner, PETITIONER
(Full name) (Include name under which you were convicted)

Arnold Holt, Warden; State of Alabama et.al., RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF Troy King

______, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-1/2 x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and two copies* must be mailed to the Clerk of the United States District Court whose address is **P. O. Box 711, Montgomery, Alabama 36101**.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

***If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack MONTGOMERY COUNTY CIRCUIT COURT 251 S. LAWRENCE ST.

2. Date of judgment of conviction JANUARY 29, 1976

3. Length of sentence LIFE Sentencing Judge ____

4. Nature of offense or offenses for which you were convicted: MURDER

5. What was your plea? (check one)
(a) Not guilty ( ✓ )
(b) Guilty ( )
(c) Nolo contendere ( )
If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N/A

6. Kind of trial: (Check one)
(a) Jury (✓)
(b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No (✓)

8. Did you appeal from the judgment of conviction? Yes (✓) No ( )

9. If you did appeal, answer the following:
(a) Name of court ALABAMA CRIMINAL COURT OF APPEALS
(b) Result REVERSED AND REMANDED
(c) Date of result APRIL 1996
If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: COURT OF APPEALS REVERSED AND REMANDED TO THE TRIAL COURT, JUDGE TAYLOR RE-SENTENCE PETITIONER TO THE SAME LIFE SENTENCE ON THE SAME CHARGE.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ( ) No (✓)

11. If your answer to 10 was "yes", give the following information:
(a)(1) Name of court
(2) Nature of proceeding
(3) Grounds raised N/A
(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
(5) Result N/A
(6) Date of result
(b) As to any second petition, application or motion give the same information:
(1) Name of court
(2) Nature of proceeding
(3) Grounds raised N/A
(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
(5) Result N/A
(6) Date of result

(c) As to any third petition, application or motion, give the same information:

(1) Name of Court ______

(2) Nature of proceeding ______

(3) Grounds raised N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )

(5) Result N/A

(6) Date of result ______

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:

(1) First petition, etc. Yes ( ) No (✓)

(2) Second petition, etc. Yes ( ) No (✓)

(3) Third petition, etc. Yes ( ) No (✓)

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: PETITIONER IS NOT FIAMILAR WITH THE LAWS, SO HE HAVE TO HAVE ASSISTANCE FROM THOSE IN LAW LIBRARY.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: ______

Supporting FACTS (tell your story briefly without citing cases or law): JESSE MANOR (HEREIN AFTER PETITIONER) IS SERVING A LIFE SENTENCE FOR AN ALLEGED MURDER IN MONTGOMERY COUNTY, ALABAMA WHERE A NON-EXISTENT AFFIDAVIT AND WARRANT FOR ARREST IS NOT IN THE RECORDS OF MONTGOMERY COUNTY CIRCUIT COURT. OFFICER(S) D.G. JOHNSON AND C.H. BRANNON ARRESTED PETITIONER WITHOUT PROBABLE CAUSE AND WITHOUT AN AUTHORIZED (NOR) AFFIDAVIT AND WARRANT FOR ARREST THAT DEPUTY D.A. CHARLES PRICE CONSPIRED ALONG WITH ARRESTING OFFICER(S) D.G. JOHNSON AND C.H. BRANNON TO PROSECUTE PETITIONER, WHICH EACH INDIVIDUAL KNEW THAT THERE WERE NO PROBABLE CAUSE TO ARREST AND THERE'S NO AFFIDAVIT AND WARRANT FOR ARREST ALSO THESE INDIVIDUALS KNOWINGLY AND INTENTIONALLY WITH DISREGARD FOR THE TRUTH HAD PETITIONER PROSECUTED WITHOUT BEING AUTHORIZED TO DO SO.

B. Ground two: BRIEF THAT WERE PRESENTED TO THE LOWER COURT.

Supporting FACTS (tell your story briefly without citing cases or law): SEE ATTACHED BRIEF

C. Ground three: SEE ATTACHED BRIEF

Supporting FACTS (tell your story brieflywithout citing cases or law):

D. Ground four: SEE ATTACHED BRIEF

Supporting FACTS (tell your story briefly without citing cases of law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them:

N/A

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing W.L.A. WALLER

(b) At arraignment and plea W.L.A. WALLER

(c) At trial W.L.A. Waller

(d) At sentencing W.L.A. WALLER

(e) On appeal BOB ALLEN HAD THIS CONVICTION REMANDED AND JUDGE TAYLOR RE-SENTENCE PETITIONER ON THE SAME CHARGE TO A LIFE SENTENCE

(f) In any post-conviction proceeding N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( ) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( ) No ( )

(a) If so, give name and location of court which imposed sentence to be served in the future: N/A

(b) And give date and length of sentence to be served in the future: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( ) No (✓)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 12. 20. 06.
(date)

Jesse Lee Maner
Signature of Petitioner

## STATEMENT OF FACTS

JESSE MANER [HEREIN AFTER PETITIONER] STATES THE FACTS PRESENTED HEREIN THIS PETITIONER'S PETITION §2254 IS STIPULATED BY THE DEFENDANTS AND ARE AVAILIABLE FOR REVIEW IN HIS APPEAL, WRIT OF CERTIARI AND A PETITION OF HABEAS CORPUS §2254.

## STATEMENT OF THE ISSUE(S)

1) THE ISSUE(S) BROUGHT HERE AS GROUNDS IN SUPPORT OF THIS PETITION FOR HABEAS RELIEF ARE AS FOLLOWS;

A) PETITIONER HERE SHOWS THAT AN SWORN AFFIDAVIT AND WARRANT OF ARREST WAS NOT ISSUED BY AN AUTHORIZED AND THE CHARGING LAWFUL AGENCY, THUS CAUSING JURISDICTION OF MONTGOMERY COUNTY, ALABAMA CIRCUIT COURT TO BE VOID. A DEFECTIVE AFFIDAVIT WILL RENDER A CONVICTION ABSOLUTELY VOID ON ATTACK, THE ENTIRE ABSENCE OF ANY AFFIDAVIT SHOULD ALSO RENDER THE CONVICTION VOID. SEE MCKINSTRY V. CITY OF TUSCALOOSA SUPRA.

B) TRIAL COURT DEMANDS THAT THIS ISSUE IS TIME BARRED FROM THE PETITIONER IN THIS CASE, HOWEVER THE INSTANT CASE REVOLVES SUBJECT-MATTER JURISDICTION THE COURTS HAVE HELD THAT THERE ARE NO TIME LIMITATIONS AND IT WAS THE DUTY OF THE COURT OF APPEALS TO TAKE NOTICE AND THE SUPREME COURT OF ALABAMA EVEN EX MERO MOTU,

C) ALABAMA COURT OF CRIMINAL APPEALS AND THE ALABAMA SUPREME COURT ERRED BY NOT TAKING NOTICE OF THESE JURISDICTIONAL ISSUE(S) BEFORE THIS COURT. CONVICTION AND SENTENCE IMPOSE ARE ADVERSELY AFFECTED BY THESE ISSUE(S) AND BY THE LOWER COURTS NOT TAKEN JUDICIAL NOTICE.

II) PETITIONER CONTINUES TO AVER THAT THESE JURISDICTIONAL ISSUE(S) ALSO EFFECTED THE INDICTMENT, WHICH IS DEFECTIVE AND CAUSES PETITIONER TO GUESS WHAT HE SUPPOSED TO DEFEND HIMSELF AGAINST.

1) PETITIONER FURTHER STATES THAT HE WAS ARRESTED, CONVICTED AND SENTENCE UNDER ALABAMA LAW THAT WAS TO THE PRESENT CODE (1975) AND LEGISLATIVE INTENT WAS SOMEWHAT DIFFERENT THAN THAT OF THE CURRENT CODE OF ALABAMA 1975.

2) PETITIONER WAS CONVICTED AND SENTENCE TO A LIFE SENTENCE FOR THE CHARGE OF MURDER IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA IN 1977, AND APPEALED. THE PETITIONER ALSO FILED A RULE 32 POST-CONVICTION RELIEF.

3) A COPY OF THE APPELLATE COURT IS HERETO ATTACHED ALONG WITH A COPY OF THE ALABAMA SUPREME COURT.

III) PETITIONER PRESENTS GROUNDS FOR THE WRIT OF HABEAS CORPUS RELIEF AS FOLLOWS:

1) VIOLATIONS OF PETITIONER'S RIGHTS UNDER THE U.S.C.A AMENDMENTS (4), (5), (6) AND (14).

2) PETITIONER WAS NOT AFFORDED DUE PROCESS AT OF COMMON LAW.

3) PETITIONER WAS NOT ARRESTED WITH PROBABLE CAUSE, AND WITHOUT A AFFIDAVIT AND WARRANT OF ARREST SWORN BEFORE A JUDGE / CLERK / OR MAGISTRATE

4) PETITIONER REQUEST THAT AN EVIDENTARY HEARING BE SET TO DETERMINE THE GROUNDS HERE WITH

## ARGUMENT

PETITIONER SHOWS THAT A AFFIDAVIT AND WARRANT OF ARREST WAS NOT ISSUED FOR HIS ARREST, THAT POLICE DID NOT HAVE PROBABLE CAUSE TO ARREST PETITIONER WITHOUT A VALID AFFIDAVIT AND WARRANT OF ARREST. ACT NO 467 ACTS OF ALABAMA, REG. SESS. (1957) VOL. (1) STATES THAT NO TRIAL OR PROSECUTION SHALL BE INSTITUTED IN THIS COURT BY INDICTMENT (290 SO.2D. 674) BUT THAT ALL TRIALS OR PROSECUTIONS INSTITUTED IN SAID COURTS SHALL BE UPON A VALID AFFIDAVIT AND WARRANT AS PRESCRIBED BY LAW FOR THE INSTITUTION OF TRIALS IN THE COUNTY COURTS OF THIS STATE. HAWKINS V. STATE 20 ALA. APP. 285 101 SO. 514.

THE COURT DID NOT HAVE JURISDICTION AND THE CONVICTION AND SENTENCE IS "VOID" THE JUDGMENT CAN NOT STAND TO SUPPORT THE CONVICTION. IN HAMILTON V. STATE 677 SO. 2D. 1254 (ALA. CRIM. APP. 1995) SENTENCE HERE IS CLEARLY ILLEGAL AND CANNOT BE AUTHORIZED BY LAW OR STATE AND WOULD NOT NEED TO BE PRESERVED BY OBJECTION ON MOTION AT TRIAL LEVEL. AN ILLEGAL SENTENCE IS SPECIFIED FOR POST CONVICTION REVIEW, BY LAW.

THEN A SENTENCE UNDER A VOID CONVICTION WILL BE ILLEGAL.

A WARRANT NOT SUPPORTED BY OATH OR AFFIRMATION IS IN VIOLATION OF THE UNITED STATES CONSTITUTION, FEDERAL RULES OF CRIMINAL PROCEDURE, ALABAMA RULES OF COURT AND THE CONSTITUTION OF ALABAMA (1901) § (5) HELD "VOID". A PETITIONER HELD UNDER A "VOID" AFFIDAVIT AND WARRANT IS HEREBY ENTITLED TO BE DISCHARGED FROM CUSTODY. JOHNSON V. STATE 18 ALA. APP. 128, 89 SO. 843 ALA. LEXIS 149 (1921)

THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE ALABAMA CONSTITUTION ART (1) SEC. (5) REQUIRE OATH OR AFFIRMATION TO SUPPORT A CONVICTION, AN ACCUSATION MADE IN THE MANNER PRESCRIBED BY LAW, (CONSTITUTIONAL OR STATUTORY) IS A PREQUISITE TO THE COURTS POWER TO EXERCISE ITS JURISDICTION OVER A CRIMINAL CASE OR OFFENSE, THIS STATE, HAS LONG HELD THE CONSTITUTIONAL CRIMINAL ACTION CAN BE COMMENCED "ONLY" IN THE MANNER PROVIDED BY LAW.

JURISDICTION TO PROSECUTE PETITIONER OR CONVICT FOR A CRIME SOLELY FROM THE CRIMINAL LAW, AND DEPENDS ON NO DEGREE UPON THE CONSENT OF THE LITIGANT. WHETHER STATE OR CITIZEN, SOVEREIGN OR SUBJECT, NEITHER CONSENT NOR REQUEST CAN AUTHORIZE A COURT TO ACT IN A CAUSE OUTSIDE WHICH THE LAW HAS ORDAINED FOR IT, THE WANT OF AN AFFIDAVIT AND WARRANT OF ARREST IS THE INITIAL STEP IN THE PROSECUTION AND GOES TO THE JURISDICTION OF THE COURT, AND IT IS THE DUTY OF THE COURT TO TAKE NOTICE, EX MERO MOTU.

HAWKINS V. STATE THE JUDGMENT OF CONVICTION MUST BE REVERSED AND THE DEFENDANT DISCHARGED BECAUSE THE COMPLAINT FILED BY THE SOLICITOR WAS NOT PREDICATED UPON OR SUPPORTED BY AN AFFIDAVIT AS REQUIRED BY LAW.

# CONCLUSION

PETITIONER STATES THAT THE CRIMINAL COURT OF APPEALS AND THE SUPREME COURT OF ALABAMA ERRED BY NOT TAKING NOTICE OF PETITIONER ISSUE(S) BEFORE EVEN "EX MERO MOTU" A SWORN AFFIDAVIT AND WARRANT OF ARREST IS THE FIRST TO ANY TRIAL OR PROSECUTION HAWKINS V. STATE 20 ALA. APP. 285 101 SO. 514

THE CIRCUIT COURT OF MONTGOMERY COUNTY DID NOT HAVE JURISDICTION TO CONVICT OR IMPOSE SENTENCE WITHOUT AN PROPER AFFIDAVIT, COMPLAINT OR WARRANT OF ARREST. THEREFORE THE TRIAL COURT DID NOT BY LAWS OF THIS STATE HAVE JURISDICTIONAL TO CONVICT PETITIONER, WHERE POLICE DID NOT ESTABLISH PROBABLE CAUSE, WITH A VALID WARRANT.

WHEREFORE PETITIONER'S WRIT OF HABEAS CORPUS § 2254 PETITION SHOULD BE GRANTED WITH CONVICTION AND SENTENCE SET ASIDE, AND PETITIONER IMMEDIATELY DISCHARGED FROM CUSTODY.

DONE THIS THE 20 DAY OF DECEMBER 2006.

RESPECTFULLY, SUBMITTED

Jesse Maner

JESSE MANER
AIS# 113975 KCB-
P.O. BOX 150
MT. MEIGS, AL. 36057

# Attachment

# IN THE SUPREME COURT OF ALABAMA



December 8, 2006

**1051515**

Ex parte Jesse Maner. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Jessie Mainor v. State of Alabama) (Montgomery Circuit Court: CC75-12494.60; Criminal Appeals : CR-05-0755).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

PARKER, J. - Nabers, C.J., and Lyons, Woodall, and Smith, JJ., concur.

**I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.**

**Witness my hand this** *8th* **day of** *December, 2006*

Robert G. Esdale, Sr.

**Clerk, Supreme Court of Alabama**

/bb

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-0755**

Jessie Mainor v. State of Alabama (Appeal from Montgomery Circuit Court: CC75-12494.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on June 16th 2006:

**Affirmed by Memorandum.**

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 8th day of December, 2006.**

[signature]

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

**cc:** Hon. Eugene W. Reese, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Jessie Mainor, Pro Se
Robin Scales, Asst. Atty. Gen.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THE FOREGOING DOCUMENTS HAVE BEEN PROPERLY ADDRESS AND FORWARD TO THE MIDDLE DISTRICT COURT OF ALABAMA, AT P.O. BOX 711 MONTGOMERY, ALABAMA 36101, BY PLACING IN THE INSTUTIONAL MAIL BOX AT P.O. BOX 150 MT. MEIGS, AL. 36057 POSTAGE PREPAID.

DONE THIS THE 20 DAY OF DECEMBER 2006.

Jesse Maner

JESSE MANER
AIS # 113975 KCB
P.O. BOX 150
MT. MEIGS, AL. 36057

CC: JESSE MANER

(ATTACHED EXHIBITS)