IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JESSE L. MANER, #113975, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-0004-WKW |
| | ) |
| ARNOLD HOLT, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jesse L. Maner ["Maner"], a state inmate, on January 3, 2007. In this petition, Maner challenges a murder conviction entered against him by the Circuit Court of Montgomery County, Alabama in September of 1977.[1] The trial court imposed a sentence of life imprisonment for this conviction.

**DISCUSSION**

A review of this court's records reveals that Maner has filed three previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1977 murder conviction. *See Maner v. State of Alabama*, Civil Action No. 78-269-N (M.D. Ala. 1978);

---

[1] Maner lists the date of his murder conviction as January 29, 1976, which apparently represents the date of his initial conviction for this offense. *Petition for Habeas Corpus Relief* at 2. However, the conviction imposed in 1976 was reversed on direct appeal. *See Maner v. Oliver*, Civil Action No. 79-206-N (M.D. Ala. 1980) - *Recommendation of the Magistrate Judge* at 1. The murder conviction on which Maner is now incarcerated and, therefore, the conviction presently under attack transpired in the Circuit Court of Montgomery County on September 28, 1977. *Id.*

*Maner v. Oliver*, Civil Action No. 79-206-N (M.D. Ala. 1980); *Maner v. McDonnell, et al.*, Civil Action No. 2:05-CV-51-F (M.D. Ala. 2005). In each of the first two prior habeas actions, the court decided the claims raised by Maner adversely to him on the merits. With respect to the third application for habeas corpus relief, this court summarily dismissed the petition in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Maner had not obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.

As herein above indicated, 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the pleadings filed by Maner that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Maner's fourth] habeas corpus petition and because he had no permission from [the Eleventh Circuit]

to file a [fourth] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be summarily dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jesse L. Maner on January 3, 2007 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Maner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[2]

It is further

ORDERED that on or before January 25, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

---

[2] The court notes that any § 2254 petition filed by Maner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Maner] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12 day of January, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE