In The United States District Court
For The Middle District Of Alabama

RECEIVED
2007 MAR 16 A 10:14
A.P. HAC[KETT]
U.S. DISTRICT C[OURT]
MIDDLE DISTRICT A[LABAMA]

Civil Action No: 2:07CV 4-WKW

Jesse Manor
    Petitioner,

Application For COA

v.

State of Alabama
    Respondents,

---

Pursuant to § U.S.C. 2253 (c) The Petitioner In The Above Named Case moves This Honorable Court To Issue A Certificate Of Appealability. The Certificate Should Issue For The Following Reasons.

## Standard Of Review

The Application Should Be Reviewed As To Whether Reasonable Jurists Can Debate The Issues Presented, Or That The Issues Presented Are To Deserve Encouragement To Proceed Futher.

To obtain a [COA] under §2253(c), a habeas prisoner must make a substantial showing of the denial of a Constitutional Right, a demonstration that, under Barefoot, includes shows that reasonable jurists could debate whether (or for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were "Adequate to Deserve Encouragement to proceed futher. See Slack v. McDaniel" 529 U.S. 473, 146 L.Ed. 2d 542, 120 S.Ct. 1595 (2000) Any Doubt Regarding whether to grant a [COA] is Resolved in Favor of the Petitioner and the severity of the penalty may be considered in making this determination. Graves v. Cockrell 2003 U.S. App. Lexis 16734 at *14 (5th Cir. Aug 15, 2003)

## Issues:

Petitioner avers that said presiding Judge Charles Price of Montgomery County, Alabama has a personal interest in the outcome of the Petitioner's case /or that the Honorable Charles Price possesses such bias and prejudice in favor of the State of Alabama, and against the Petitioner, where the Honorable Charles Price were Chief Prosecutor in finding Petitioner guilty and sentence to Life in the Alabama Department of Corrections.

It's a well recognized principle of law that every individual charged with the Commission of a Crime or Misdemeanor shall, upon being charged and made to answer, be accorded a fair and Impartial Trial [53 Ala.App. 386] [300 So.2d. 429] This Rule is Basic in the Constitution of our United States and also found in Article 1, Section 6, of the Alabama Constitution 1901.

The records of petitioner <u>Jesse Manor v. State of Alabama</u> clearly shows that the Court of Appeals reversed and remanded petitioner's case back to the trial court.

Trial court failed to correct any of the error(s) and violations the Appeal Court ordered. Petitioner were sentenced again upon a defective indictment, and a invalid warrant of arrest.

The Fifth Amendment to the United States Constitution states that [no person shall] be subject for the same offense to be twice put in jeopardy of life or limb, the courts have said:

The Double Jeopardy clause bars retrials where bad faith conduct by a judge or prosecutor threatens the harassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict defendant. United States v. Dinitz 424 U.S. 600, 96 S.Ct 1075, 47 L.ed.2d 267 (1976)

Petitioner shows by clear and convincing evidence that but for a constitutional error, under the applicable state law he would not have been punish twice due to a defective indictment or warrant of arrest. By the traditional understanding of Habeas Corpus, a "fundamental miscarriage of justice" occurs whenever a conviction or sentence is secured in violation of a federal constitutional right see 28 USC § 2254 (a) [28 USCS § 2254(a)] Federal Courts "shall entertain" Habeas petition from state prisoners who allege that they are "in custody in violation of the Constitution or laws or treaties of the United States."

In Gould v. United States 255 US 302, 303 65 L.ed 650, 41 S.Ct. 261 This Court said: "It would not be possible to add to the emphasis with which the framers of our Constitution and this Court (in Boyd v. United States 116 US 616, 29 L.ed. 746, 6. S.Ct. 524, in Weeks v. United States 232 US 383 58 L.ed 652 34 S.Ct 341 LRA 1915B 834, Ann Cas 1915 C 1177, and in Silverthorne Lumber Co. v. United States 251 US 385, 84 L.ed 319, 40 S.Ct 182, 24 ALR 1426) have declared the importance to political liberty and to the welfare of our country of the due observance of the rights guaranteed under the Constitution by these two [Fourth and Fifth] Amendments.

The effect of the decisions cited is: That such rights are declared to be indispensable to full enjoyment of personal security, personal liberty; and that the guaranty of them is as important and as imperative as are the guaranties of the other fundamental rights of the individual citizen, the right to trial by jury, to the writ of habeas corpus and to due process of law.

Conclusion:

Petitioner clearly shows that his rights provided by the United States Constitution and the State of Alabama 1901, have been violated by petitioner being placed twice in jeopardy, by a defective indictment and a invalid warrant of arrest.

Respectfully Submitted
*Jesse Maner*
Jesse Maner

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

____3-14-07____  ____Jesse Maner____
DATE                                    PETITIONER


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THE FOREGOING DOCUMENTS ARE ADDRESS TO THE CLERK FOR THE MIDDLE DISTRICT OF ALABAMA, BY PLACING IN THE UNITED STATES MAIL BOX AT P.O. BOX 150 MT. MEIGS, AL. 36057

DONE THIS THE 14 DAY OF MARCH 2007

RESPECTFULLY
Jesse Maner
JESSE MANER  H-113A
P.O. BOX 150
MT. MEIGS, AL. 36057

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 14 DAY OF MARCH 2007

_____
Penny O. Woods
NOTARY PUBLIC

_____
Jesse Manuel
PETITIONER

My COMMISSION EXPIRES ON May 28, 2007

Jesse L Manor #143925
H-113A
P.O. Box 150
Mt. Meigs, AL. 36057

**LEGAL MAIL**
"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

MONTGOMERY AL 361
15 MAR 2007 PM 4 L

OFFICE OF The Clerk
United States District Court
P.O. Box 711
Montgomery, AL. 36101-0711

36101+0711 B007